## WORNACK *v.* JENKINS.

Where a note is made payable in specific articles, the creditor, on the com-
ing due of the note, may designate a place of delivery, and notify the
debtor thereof, and he will then bo bound to make delivery at that place ;
but if the creditor neglects to designate a place of delivery, then the
debtor must, at once, after the note has become due, select a proper place,
within the reason and spirit of the contract, notify the creditor thereof, if
his locality is known, and make delivery at that place, and thus discharge
the debt.

APPEAL from the *Decatur* Circuit Court.

PERKINS, J.—Suit upon a note of the following tenor :

*Friday,
November* 29.

"JANUARY 1, 1859.

" One month after date, I promise to pay to the order of
*William Manes,* four hundred and twenty dollars, in good
assorted lumber, at one dollar and twenty cents per hundred,
to be delivered at *St. Paul,* at such places as said *Manes* may
designate, for value received.

(Signed,)	"A. H. WORNACK."

The note was indorsed to the plaintiff.  The appellant
raises no question, in his brief, upon the sufficiency of the
complaint, and we shall raise none.  The note, it will be
observed, is for the payment of a debt in specific articles,
which articles were to be delivered to *Manes'* order, at such
places as he should designate, within certain limits.  Neither
*Manes,* nor his assignee, designated any place, or places, for

the delivery of the lumber, and yet *Wornack* is sued for its non-delivery; and the question is, can the action be maintained? This question may be answered in considering the more general one, as to what was the duty of the maker of the note in question, on its becoming due. His ultimate duty was to pay the note by the delivery of the articles specified, at a legal place, or by paying the amount of it in money to the holder. The failure of the payee, or holder, to give notice of a place for the deposit of the specific article, did not excuse the maker from paying the note, because such notice was not a condition precedent to its payment. This is settled by the cases of *Gilbert* v. *Danforth*, 2 Seld. 585; and *Livingston* v. *Miller*, 1 Kernan, 80. The right of designating the place is a privilege, which is waived by the neglect to exercise it, and such waiver leaves the note payable in specific articles, at a place to be designated by the debtor, which must be a reasonable one, and, in a case like that at bar, within the specified limits; except in case of rent, which, when the payee fails to exercise an option given by the lease, as to designating a place of payment in specific articles, becomes payable on the premises.

But, in case of a contract payable in specific articles, where the debtor has the right of selecting the place for delivery, and desires to make a delivery which shall vest the property in the creditor, and put it at his risk, and thus discharge the debt, reason would seem to dictate that the creditor should have notice of the place of delivery, so that he might take measures for the security and preservation of the property; and such seems to be the law. *Peck* v. *Hubbard*, 11 Vermont, 612; 2 Par. on Contracts, pp. 161, 16², note *x*.

In such a contract as that in the case at bar, the creditor, before, or on the coming due of the note, may designate the place of delivery, and notify the debtor thereof. The debtor must then make delivery at that place. But, if the creditor neglect to designate to the debtor a place for delivery, then the debtor may, at once, after the note has become due, select a proper place, within the reason and spirit of the contract, notify the creditor thereof, if his locality is known, and make delivery at that point, and thus discharge the debt. If the

locality of the creditor was not known, that fact might fur- Nov. Term,
nish an excuse for a failure to give notice.   **1861.**

*Per Curiam.*—The judgment is affirmed, with 1 per cent. LOUCHHEIM
damages and costs.   v.   GILL.

*J. S. Scobey,* for the appellant.

*Oscar B. Hord* and *James Gavin,* for the appellee.